# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **REDA POWERS**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09CV00052 |
| | ) | |
| v. | ) | |
| | ) | **OPINION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF** | ) | By: James P. Jones |
| **SOCIAL SECURITY**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Sandra Romagnole, Assistant Regional Counsel, and Stephen Ball, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I will remand the case for further administrative proceedings.

I

The plaintiff, Reda Powers, filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits and supplemental security income under the Social Security Act, ("Act"), 42 U.S.C.A. § 401-433, 1381-1383d (West 2003 & Supp.

2009).  Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g) and § 1383(c)(3).

Powers protectively filed for benefits in May 2006, alleging disability beginning December 2004,[1] due to problems with her back, recurring cancer, and depression.  Her claim was denied initially and upon reconsideration.  Powers had a hearing before an administrative law judge ("ALJ"), at which she was present and represented by counsel.  In addition to Powers, a vocational expert ("VE") testified at the hearing.   The ALJ denied Powers' claim and the Social Security Administration's Appeals Council denied Powers' request for a review of the ALJ's opinion.   Powers then filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment, and have briefed the issues.  The case is ripe for decision.


II

Powers was 52 years old at the time of the ALJ's decision, which classified her as a "person closely approaching advance age" under 20 C.F.R. §§ 404.15639(c), 416.963(c) (2009).  Powers has a high school education.  Her past work experience

---

[1] At the hearing she amended her alleged onset date of disability to February 2, 2005.

is as a delivery driver and sewing machine operator in sewing factories. Powers has not engaged in substantial gainful activity since her amended alleged onset date of disability.

In his decision, the ALJ found that Powers had the following severe impairments: post surgery for squamos cell dysplasia, carpal tunnel syndrome, and cervical disc disease. However, the ALJ found that these severe impairments did not meet or medically equal one of the listed impairments contained in 20 C.F.R. part 404, subpart P, appendix 1 (2009).

The ALJ further determined that Powers had the residual functional capacity ("RFC") to frequently lift and carry 10 pounds, occasionally lift and carry 20 pounds, and stand or walk for six hours out of an eight-hour workday, provided that she was allowed the opportunity to change postural positions at 30- to 60-minute intervals. In addition, the ALJ noted that Powers had a limited capacity to tolerate stress and interact with the public. The ALJ found that even though Powers could not perform her past relevant work, Powers was not disabled within the meaning of the Act because there were a significant number of jobs in the national economy that she could perform, such as office clerk and information clerk.

Powers argues that the ALJ's decision is not supported by substantial evidence and that the ALJ failed to adequately explain the rationale for his decision.

III

The plaintiff bears the burden of proving that she is suffering from a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 426.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *Bennett v. Sullivan*, 917 F.2d 157, 159 (4th Cir. 1990). The fourth and fifth steps of the inquiry require an assessment of the claimant's RFC, which is then compared with the physical and mental demands of the

claimant's past relevant work and of other work present in the national economy. *See Reichenbach v. Heckler*, 808 F.2d 309, 311 (4th Cir. 1985).

In accordance with the Act, I must uphold the ALJ's findings if substantial evidence supports them and they were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). It is not the role of this court to substitute its judgment for that of the Commissioner. *See id*.

In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Powers' argues that the ALJ erred by not adopting certain limitations found by a physician to whose opinion he otherwise accorded significant weight.

As a result of a consultative examination performed in September 2006, Kevin Blackwell, D.O., opined, among other findings, that while there were no specific limitations for hand usage, "repetitive data entry and typing activities may aggravate carpal tunnel syndrome and these activities should be limited to 2/3 of the day or less." (R. at 288.)

The ALJ did not incorporate this limitation in his RFC findings, although he otherwise stated that he "accord[ed] great weight to the consistent and well-supported opinions of Dr. Blackwell." (R. at 21.) Moreover, he did not include this limitation in the hypothetical question he posed to the VE. Based on that hypothetical question, the VE gave his opinion as to the occupations available to meet Power's limitations.

While it is true that the plaintiff did not specifically complain of the carpel tunnel syndrome at the hearing before the ALJ, she did testify that her hands were "numb" as a result of her cervical disc disease. (R. at 536.) However, Powers has not worked for some time and accordingly it would not be surprising that her carpel tunnel syndrome was not a current problem at the time of her hearing before the ALJ.

The Commissioner argues that the ALJ's RFC findings "accommodated" Powers' carpel tunnel syndrome by limiting her to frequent lifting /carrying of up to

ten pounds. (Def.'s Brief 19.) But it is not apparent how that limitation is related to the limitation prescribed by Dr. Blackwell on data entry and typing.

Under these circumstances, I find that further administrative consideration of Dr. Blackwell's limitation is necessary in order to fairly adjudicate Powers' claim of disability.

I have considered Powers' other contentions, but I do not find them meritorious, for the reasons stated in the Commissioner's brief.


IV

For the foregoing reasons, the motions for summary judgment will be denied, and the Commissioner's final decision will be vacated and the case remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C.A. § 405(g) for further proceedings consistent with this Opinion.

DATED: May 5, 2010

/s/ JAMES P. JONES
Chief United States District Judge